NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10119 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01359-SRB |
| v. | |
| LUIS CARLOS SANCHEZ, a.k.a. Luis Sanchez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Luis Carlos Sanchez appeals from the 30-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court failed to explain its sentence adequately, in violation of 18 U.S.C. § 3553(c) and *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record reflects that the district court did not plainly err in its statement of reasons for the sentence imposed. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

Sanchez also argues that the district court erred by not granting a cultural assimilation departure and that his resulting sentence at the top of the advisory Sentencing Guidelines range is substantively unreasonable. The district court did not abuse its discretion by concluding that Sanchez's repeated history of committing criminal indecent exposure after returning to the United States illegally warranted rejecting a cultural assimilation departure in his case. *See* U.S.S.G. § 2L1.2 cmt. n.8 (cultural assimilation departure should only be considered where "such a departure is not likely to increase the risk to the public from further crimes of the defendant"). The 30-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**